# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, <br><br> Plaintiff, <br><br> v. <br><br> CYNTHIA MANN, et al., <br><br> Defendants. | Case No. 1:12-cv-01089-LJO-DLB PC <br><br> **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** <br><br> ECF No. 2 <br><br> OBJECTIONS DUE WITHIN 14 DAYS |

## I.  Background

Plaintiff John Michael Crim ("Plaintiff") is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). On July 5, 2012, Plaintiff filed his Complaint. ECF No. 2.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of Complaint

Plaintiff was incarcerated at Taft Correctional Institution ("TCI") in Taft, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: counselor Cynthia Mann, and inmate Grievance Coordinator Dale Patrick of the Management and Training Corporation.

Plaintiff alleges the following. On July 30, 2009, Plaintiff received a false incident report alleging insolence against Ms. T. Stewart, and was placed in the Special Housing Unit (SHU). On August 3, 2009, Plaintiff was brought before Defendant Mann, a member of the Unit Disciplinary Committee (UDC) team, for his required hearing. Plaintiff explained his innocence, naming three witnesses and one staff member representative in support of his claim for innocence. Plaintiff was presented with the incident report, and explained that the report misstates what Plaintiff actually said to that staff member.

Defendant Mann filled out an incident report, referring the incident to the Disciplinary Housing Officer (DHO), making recommendations of disciplinary segregation and loss of good conduct time. On August 5, 2009, Plaintiff was brought to meet two Special Investigative Services officers regarding Plaintiff's complaint against Ms. Stewart. The officers told Plaintiff that it was unlikely anything would be done regarding his complaint. Plaintiff was informed that if he chose to pursue it, Plaintiff would remain in the SHU for at least another 30 days, and that Plaintiff may be transferred if the situation is not resolved. Plaintiff was told that if he wanted to fight the disciplinary charge, it would be at least another thirty days before they would be able to round up the witnesses for the hearing. If Plaintiff chose to not fight the charge, the hearing could be held

tomorrow.  Plaintiff decided to not fight the charge, and not pursue his complaint against Ms. Stewart in order to not be held in the SHU.

Disciplinary action was imposed on Plaintiff, including loss of job for six months, commissary restriction for 3 months, loss of pay grade, loss of vacation, and placement into lower housing.

On September 5, 2008, Plaintiff had entered into an agreement to make Inmate Financial Responsibility Program (IFRP) payments for restitution.  On September 18, 2009, Plaintiff was called into the office for failure to make his quarterly payment.  Plaintiff explained that he had been placed on the lowest pay grade and would not be able to make the $25 payment in September.

Plaintiff filed an inmate grievance on August 24 and August 26, 2009, to Defendant Patrick stating that the sanctions imposed by Defendant Mann and the DHO were affecting his ability to make his financial obligations under IFRP.  Defendant Patrick did not provide a remedy for Plaintiff.  Plaintiff was unable to pay for copying costs of legal documents, and postage to mail them.

Plaintiff contends a violation of due process under the Fifth Amendment, and a conspiracy to deprive Plaintiff equal protection pursuant to 42 U.S.C. § 1985.[1]  Plaintiff requests as relief an injunction ordering Defendants from denying Plaintiff his rights and privileges, expunging the false record that Plaintiff refused to pay IFRP, returning Plaintiff to his prior position, and refrain from collecting fees from Plaintiff for IFRP.  Plaintiff also requests compensatory and punitive damages.

**III.   Analysis**

   **A.   Due Process – Fifth Amendment**

The Fifth Amendment forbids the federal government from depriving any person of life, liberty, or property without due process of law.  *Bloom v. State of Ill.*, 391 U.S. 194, 195 (1968); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (due process under Fourteenth Amendment).  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff*, 418 U.S. at 556.  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written

---

[1] Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."  *Van Stum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. Due process requires some evidence supporting the decision. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

First, Plaintiff does not allege that Defendant Mann was not the hearing officer for Plaintiff's disciplinary hearing. Defendant Mann merely made recommendations that Plaintiff be disciplined. Plaintiff complains that he was not permitted witnesses. However, in his affidavit attached in support of his complaint, Plaintiff declares that he willingly refused to contest the charges against him in order to receive earlier release from the SHU. Thus, Plaintiff alleges that he waived his due process rights. Plaintiff fails to state a due process claim against Defendant Mann.

To the extent that Plaintiff contends that Defendant Patrick's denial of Plaintiff's inmate grievance is itself a due process violation, Plaintiff fails to state a claim. There is no independent, substantive due process right in how Plaintiff's inmate grievance should have been processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

**B.    42 U.S.C. § 1985(3)**

The Court presumes that Plaintiff contends a claim under 42 U.S.C. § 1985(3).

> To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

*Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). The language requiring intent "means that that there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102. "Mere allegation of conspiracy without factual specificity is insufficient." *Karim-*

4

*Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff fails to allege facts which indicate a conspiracy.  Plaintiff also fails to identify some form of racial or class-based discriminatory animus.  Plaintiff thus fails to state a § 1985(3) claim.

To the extent that Plaintiff contends that Defendant Mann refused to provide Plaintiff with access to the courts by not authorizing the costs of copies and postage, Plaintiff fails to state a claim. Plaintiff fails to allege an actual injury of being shut out of court.  *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).

## IV.  Conclusion and Recommendation

Plaintiff fails to state a claim against any Defendants.  The Court does not find that Plaintiff can cure the deficiencies identified.  Accordingly, leave to amend will not be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 2, 2013**                              /s/ *Dennis L. Beck*
                                                                      UNITED STATES MAGISTRATE JUDGE

5