**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CYNTHIA MANN, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01089-LJO-DLB PC<br><br>**ORDER REGARDING MOTION FOR CLARIFICATION**<br><br>ECF No. 21 |

　　　　Plaintiff John Michael Crim ("Plaintiff") is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). Plaintiff is proceeding pro se and in forma pauperis in this civil action. On April 11, 2013, Plaintiff filed a motion for clarification regarding the Court's Findings and Recommendations.

　　　　Plaintiff requests clarification as to why the Court classified this action as pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff contends that he brings suit against Defendants who are private actors, and thus he has filed a generic "complaint."

　　　　Plaintiff's complaint contends violations of the Due Process Clause of the Fifth Amendment and violation of 42 U.S.C. § 1985. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff thus may only bring actions that fall within this Court's jurisdiction.

　　　　Plaintiff's citation to *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), is unavailing. In *Malesko*, the respondent, a former federal prisoner, sought relief against a private

1

corporation operating a halfway house under contract with the BOP. *Id.* at 65. The United States Supreme Court denied extending *Bivens* beyond its original purpose. *Id.* at 70 ("[W]e have extended its holding only twice, to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct.") (emphasis in original). Here, Plaintiff is not bringing a suit against a private corporation, but rather against individual defendants for vindication of a constitutional right. Thus, *Malesko* is not applicable. It is also unclear at this time whether Plaintiff would eventually have been able to bring suit against Defendants employed at Taft. *Id.* at 65 ("the question whether a *Bivens* action might lie against a private individual is not presented here"). However, classification of this action as *Bivens* is appropriate given that Plaintiff seeks relief for alleged violation of constitutional rights and because the Defendants are acting under the auspices of federal law and could possibly be liable. Even if Plaintiff could pursue a *Bivens* claim against Defendants, Plaintiff fails to state a cognizable claim. Plaintiff's motion is thus addressed.

IT IS SO ORDERED.

Dated:   **April 20, 2013**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE